```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

COMPUDYNE CORP., ET AL.

                Plaintiffs,

    - against -                              05 Civ. 4300 (RWS)

                                             MEMORANDUM OPINION
SHANE, ET AL.,

                Defendants.

----------------------------------------X
```



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/18/07

**Sweet, D.J.,**

First New York Securities, LLC ("FNY Securities"), FNY Millennium Partners, L.P., and FNY Capital Corp. (together, the "FNY Defendants"), having entered into a settlement agreement with CompuDyne Corp. ("CompuDyne") and William Blair Mezzanine Capital Fund II, L.P. (together, the "Plaintiffs"), have moved for entry of an order barring extinguishing contribution, indemnity and related claims against the FNY Defendants. For the reasons stated below, the motion will be granted.

Plaintiffs commenced this action against Defendant Hilary L. Shane ("Shane") and the FNY Defendants (together, "Defendants") on May 2, 2005. Plaintiffs allege that Shane, then affiliated with the FNY Defendants, engaged in manipulative trades of CompuDyne common stock during the time that CompuDyne was pricing a private



investment in public equity ("PIPE") transaction, thereby damaging Plaintiffs.

Without admitting any liability, the FNY Defendants reached a settlement agreement with Plaintiffs on April 17, 2007, whereby the FNY Defendants agreed to pay $300,000 to Plaintiffs, "in full satisfaction of any claims Plaintiffs may have against the FNY Defendants." (FNY Def. Mem., at 3). The agreement is expressly conditioned upon the entry by the Court of an order barring the non-settling parties from bringing claims for contribution or indemnity against the FNY Defendants arising out of this action. The proposed bar order ("Proposed Order"), which is annexed to the affidavit of Stephen M. Sinaiko as Exhibit 5, also contains a judgment reduction provision, which would reduce the any judgment obtained by Plaintiffs against the non-settling defendants by the greater of $300,000 or the amount corresponding to the percentage of responsibility of the FNY defendants as determined at trial. (Proposed Order, ¶ H).

Shane has objected to the entry of the Proposed Order, claiming that it would impermissibly extinguish her contractual right to indemnification by FNY Securities. (Proposed Order ¶ E). Specifically, Shane contends that FNY Securities is obligated to indemnify her for attorneys' fees and related expenses she has incurred in her defense of the instant suit as well as regulatory

actions brought by the Securities and Exchange Commission ("SEC") and the National Association of Securities Dealers ("NASD").

"A court can endorse a settlement only if the compromise is fair, reasonable and adequate." Gerber v. MTC Electronic Technologies Co., Ltd., 329 F.3d 297, 302 (2d Cir. 2003) (quoting In re Masters Mates & Pilots Pension Plan & IRAP Litig., 957 F.2d 1020, 1026 (2d Cir. 1992)) (internal quotation marks omitted). Settlements and associated bar orders must also be fair to the non-settling parties whose rights are at stake. See id.

Shane has made clear in her papers and at oral argument that entry of a bar order would be acceptable so long as it does not extinguish her alleged right to seek defense costs for the regulatory actions and the instant suit. She simply argues that the language favored by the FNY Defendants for such an order would not preserve this supposed right.

Any settlement order the Court enters cannot bar independent claims for which the judgment reduction provision does not compensate Shane. See id. at 306-07. The Gerber court faced a similar objection to a bar order, and responding by modifying the order to "ensure that the only claims that are extinguished are the claims where the injury is the non-settling defendants' liability to the plaintiffs." Id. at 307.

3

Here, the FNY Defendants no such textual modification is necessary because the Proposed Order's operative language mimics the order endorsed in Gerber. The Gerber court found that the order it crafted would preserve "independent" claims "relating to the cost of defense arising out of a breached contractual or fiduciary relationship" between the settling and non-settling defendants. Id. at 306. Accordingly, to the extent that Shane has a contractual right to seek indemnification from FNY Securities for her defense costs in this or other actions relating to the CompuDyne PIPE, nothing in the Proposed Order shall be construed to extinguish that right.

It is so ordered.

New York, NY
July 17, 2007

ROBERT W. SWEET
U.S.D.J.