UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------X

COMPUDYNE CORP., ET AL.

               Plaintiffs,

  - against -

SHANE, ET AL.,

               Defendants.

---------------------------------------X

05 Civ. 4300 (RWS)

O P I N I O N

**Sweet, D.J.,**

          Defendant Hillary Shane ("Shane") has moved to compel
Plaintiff Compudyne Corp. ("Compudyne") to produce certain
documents. The motion was heard and marked fully submitted on June
13, 2007. For the reasons stated below, the motion will be granted
in part and denied in part.

          Shane seeks production of two categories of documents
aimed at rebutting Compudyne's theory that Shane's trading of
Compudyne stock was the cause of the shortfall in fundraising of
Compudyne's Private Investment in Public Equity (the "PIPE").
Shane seeks both (1) documents related to any disputes between
Compudyne and any other entities regarding the PIPE, including
documents created in connection with Compudyne's settlements with
defendants First New York Securities, L.L.C., FNY Millennium
Partners, L.P., and FNY Capital Corp. (collectively, "FNY") and
non-party Friedman, Billings, Ramsey & Co. ("FBR"), and (2)

1

documents related to other potential causes of the PIPE's failure, including insider trading policies, factors that went into the pricing of the PIPE, and Compudyne's investigation of the PIPE.

## Settlement Materials Shall Be Produced

Compudyne opposes Shane's request for documents concerning Compudyne's settlements with FNY and FBR, noting that Shane already has access to the settlement agreements Compudyne has entered into with FNY and FBR. Citing Fed. R. Evid. 408, Compudyne has argued that documents relating to the settlement discussions are irrelevant and inadmissible, and any further production would chill the settlement process.

However, it is Fed. R. Civ. P. 26(b)(1), not Fed. R. Evid. 408, which governs discovery: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trail if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." See also ABF Capital Management v. Askin Capital, 2000 WL 191698, at *1 (S.D.N.Y. Feb. 10, 2000) ("Prevailing authority within this Circuit holds that the discovery of settlement-related information is governed by [Fed. R. Civ. P. 26(b)(1)], and that no heightened showing of relevance need be made in order to justify the disclosure of a settlement agreement).

2

"This being said, Rule 26(b)(1)'s relevancy requirement still applies." Id. at *2. Here, Shane has argued that the documents sought are relevant because that may support Shane's contention that other factors were responsible for the failure of the PIPE. Publicly available information reveals that FBR and Shane both short sold Compudyne stock during the time period prior to the pricing of the PIPE, lending credence to Shane's contention. See Schechtman Decl. Ex. A ¶¶ 5-6. Additionally, Shane contends that Compudyne, FNY, and FBR personnel will likely testify at trial, and discovery about Compudyne's settlements with FBR and FNY may be important for impeachment purposes.

The touchstone of Fed. R. Civ. P. 26(b)(1) is relevance, and Shane has demonstrated that the first category of documents sought is relevant and "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Accordingly, documents responsive to Shane's Document Requests 47 and 49 shall be produced. To the extent Compudyne withholds documents based on privilege, Compudyne shall submit a privilege log identifying those documents and the basis for withholding them.

## Documents Relating to Compudyne's Investigation Are Privileged

At oral argument on June 13, 2007, the parties agreed that Compudyne had produced or will produce all documents responsive to Shane's requests regarding insider trading policies

3

and factors that went into pricing the PIPE.

What remains of the second category of requests is only the inquiry into Compudyne's investigation of the PIPE.

Compudyne has argued that documents relating to its investigation of the PIPE are subject to the attorney-client and/or work product privileges, as they were prepared by Compudyne's attorneys in preparation for filing the instant action. See In re Grand Jury Subpoena, 599 F.2d 504, 511-12 (2d Cir. 1979); In re Grand Jury Proceedings, 2001 U.S. Dist. LEXIS 15646 at *96-*102 (S.D.N.Y. Oct. 3, 2001).  Compudyne asserts that it has already produced all non-privileged documents responsive to Shane's requests in this matter.

The Court is satisfied based on Compudyne's representations at oral argument and in its brief that all investigations of the PIPE were conducted by counsel and in anticipation of litigation. Accordingly, the Court will not compel production of these documents, nor require that Compudyne compile a privilege log.

It is so ordered.

New York, NY
August /4, 2007

ROBERT W. SWEET
U.S.D.J.

4